UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-369-MOC-DCK

| | |
|---|---|
| **MICHAEL W. WALKER**, pro se, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| **GENESIS PROJECT I, INC.,** | ) |
| **SHEILA FORD,** | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment as to both Defendants Sheila Ford and Genesis Project I, Inc. (Doc. Nos. 7, 8). For the following reasons, the Court denies the motion.

**I.  Background**

Plaintiff Michael Walker, proceeding pro se, purports to bring a state law claim of slander against pro se Defendant Sheila Ford. (Doc. No. 1). Plaintiff alleges that he is a resident of Charlotte, North Carolina and that Defendant Sheila Ford worked as a case manager at Defendant Genesis Project I, Inc., a rehabilitation facility in Charlotte. (Id. at 2). Plaintiff further alleges that Defendant Ford "slandered my name she violated civil rights and my rights as a disabled American being she was my mental health provider." (Id. at 3). Plaintiff further alleges that

> on or about end of April 2023, I had an appointment with Defendant Sheila Ford. When I went home my family told me that Ms. Ford told them that I pulled out my penis and began to masturbate in front of her . . . after I left Charlotte when my mom died. She did this while my mom was dying in the nursing home. It sent me

-1-

> into a downward spiral all over a year's time. Mental health hospital and 192 days in jail in Minnesota.

(Id. at 4). The Complaint contains no additional allegations or claims against either Defendant. Moreover, Plaintiff does not make any factual allegations whatsoever against Defendant Genesis Project I, Inc. Plaintiff seeks $10 million in actual damages and $20 million in punitive damages from both Defendants. (Id. at 4).

On May 17, 2024, Defendant Ford filed a Letter with this Court, which serves as a responsive pleading. (Doc. No. 4). The Clerk of this Court entered default against Defendant Genesis Project I, Inc. on May 24, 2024. (Doc. No. 6). While the docket appears to indicate that Defendant has been served with summons, Defendant Genesis Project I, Inc. has neither filed an Answer nor otherwise responded to Plaintiff's complaint. On June 4, 2024, Plaintiff filed the pending motions for default judgment as to both Defendants.

## II. DISCUSSION

Here, the Court finds that because Defendant Ford has responded, and because entry of default has not been entered against Ford, default judgment is not appropriate as to Defendant Ford. See Fed. R. Civ. P. 55.

As to Defendant Genesis Project I, Inc., this Defendant has not filed an answer or responsive pleading with the Court, despite that the docket indicates that Defendant has been served with summons.[1] See (Doc. No. 3). The Court finds, however, that default judgment is not appropriate as to Defendant Genesis Project I, Inc. at this time. Aside from naming Defendant

---

[1] It is not clear to the Court, however, that the service was even proper as to this Defendant.

Genesis Project I, Inc. as a Defendant, Plaintiff makes no specific allegations and brings no claims against this Defendant.

The Court will require Plaintiff to amend the Complaint to add specific allegations and claims as to Defendant Genesis Project I, Inc. <u>Otherwise, this Defendant will be subject to the Court's sua sponte dismissal upon expiration of the thirty days and without further notice to Plaintiff.</u>

The Court is also concerned over whether the Court even has subject matter jurisdiction. The Complaint suggests that both Plaintiff and the individual Defendant Ford are North Carolina residents. Thus, subject matter jurisdiction based on diversity of citizenship appears to be lacking for purposes of Plaintiff's state law slander claim. <u>See</u> 28 U.S.C. § 1332. Moreover, while Plaintiff alleges in conclusory fashion that his "civil rights" were violated, he cites no federal laws that would give rise to federal question jurisdiction under 28 U.S.C. § 1331.

<u>Therefore, in the Amended Complaint, Plaintiff shall allege and specify why this Court has subject matter jurisdiction over this action. If Plaintiff fails to establish a basis for subject matter jurisdiction, the Court may, without notice to Plaintiff, dismisses all claims as to all Defendants.</u>

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions for Default Judgment (Doc. Nos. 7, 8) are **DENIED**. Furthermore, Plaintiff shall have 30 days from entry of this Order in which to amend the Complaint to add specific allegations against Defendant Genesis Project I, Inc.

Signed: August 5, 2024

Max O. Cogburn Jr
United States District Judge